W. C. LeBRUN, Judge Pro Tem.
On March 20, 1963, plaintiffs and defendant entered into a written contract which contained the following pertinent provisions: Plaintiffs assigned to defendant the use of a traffic safety device which plaintiffs had invented and in connection with which they had applied for a United States patent; defendant was to advance the funds necessary for the manufacture of the devices by plaintiffs up to the sum of $6,250 or for 25 of the units whichever occurred first; plaintiffs were to supervise the manufacture or assembly of the devices and defendant was to be responsible for the promotion, merchandising and sale of the items; profits were to be divided 51% to defendant and 49% to plaintiffs; a joint bank account was to be established with the proviso that withdrawals were to be made only on checks signed by signatories authorized by both parties. The agreement also provided:
“9. Upon giving thirty (30) days written notice to Voelker and Otnott, Molecular Chemicals, Inc. shall have the right to cancel this agreement .
“10. In the event Molecular Chemicals, Inc. fails to fulfill its obligations under this agreement within two (2) years, Voelker-Otnott shall have the right to demand in writing that Molecular reply in writing within thirty (30) days affording in detail proof of its fulfilling its obligations under this agreement. In *261 the event Molecular fails to reply in writing within said thirty day period or in the event such reply does not indicate that Molecular is fulfilling its obligations, then in that event this agreement shall be cancelled.”
On June 22, 1970, plaintiffs filed suit to have the contract annulled and cancelled and for the restoration of the parties to the status they enjoyed prior to their entrance into the contract, based upon allegations that defendant had failed to perform the obligations undertaken by it under the contract, and incorporating the following paragraph in their petition:
“That your petitioners have given the thirty (30) day written notice of cancellation called for in Paragraph 10 of the said agreement, but that the defendant has refused to cancel the contract or to return the traffic safety devices which are in their possession.”
Defendant denied the allegations of the petition and reconvened, alleging a breach of plaintiffs’ obligations under the contract and seeking damages allegedly sustained as a result of plaintiffs’ breach. The trial court dismissed both the main and recon-ventional demands for the reason that neither side put the other in default with the written notices called for in the contract. Plaintiffs have appealed from that judgment.
In this Court plaintiffs (now represented by cottnsel who has come into the case only since the time that the appeal was taken to this Court) contend that in accord with various articles of the Civil Code and the jurisprudence there was no necessity for placing defendant in default and argue that defendant did in fact breach the contract.
The contract is the law between the parties as far as its subject matter is concerned. Its provisions, quoted above, requiring plaintiffs to give written notice to defendant, are clear and unambiguous. As a condition precedent to the initiation of this suit plaintiffs bound themselves to give defendant the written demand and thereby to provide it with an opportunity to afford proof that it was fulfilling its obligations. Had plaintiffs complied with these provisions defendant might have given such detailed proof, enabling a subsequent trial to proceed on an orderly basis on the issue of whether it had fulfilled its obligations. If it had made no reply, plaintiffs would have been entitled to a judgment of cancellation.
Plaintiffs were unable to produce any copy of the required written notice, although their former counsel gave vague testimony to the effect that he thought such a notice had been sent. The trial judge’s factual determination that plaintiffs did not send such a notice may not be disturbed in the absence of manifest error, and we find none.
Accordingly, the judgment appealed from is affirmed.
Affirmed.